**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-26-110-D |
| | ) | |
| DANIEL RIOS VENEGAS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's Unopposed Motion to Continue Jury Trial and to Extend Pretrial Motion Deadlines [Doc. No. 18]. For the following reasons, the motion is **GRANTED**.

## BACKGROUND

Defendant was charged in a one-count indictment [Doc. No. 1] with re-entry of removed alien, in violation of 8 U.S.C. § 1326(a). Defendant appeared for arraignment before United States Magistrate Judge Shon T. Erwin on March 19, 2026, and entered a plea of not guilty. The case was set on the Court's May 12, 2026 jury trial docket [Doc. No. 6].

On April 30, 2026, Defendant filed the present motion to continue [Doc. No. 18]. Counsel for Defendant represents that she received discovery on March 26, 2026, and since that date has been in trial preparation and/or trial in various other cases. Counsel further represents that additional time is needed to meet with Defendant, review the discovery materials with him, and explore a possible resolution of this matter.

1

Defendant requests a continuance to the June 2026 jury trial docket. The government is not opposed to the requested continuance. In the present motion, defense counsel notifies the Court that a waiver of speedy trial will be filed within 5 days.

## ANALYSIS

Upon consideration of the motion and the ends of justice, the Court finds that the need for a continuance outweighs the best interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A); *see also United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009). For the reasons set forth in Defendant's motion, the Court finds that a refusal to grant the requested continuance would unreasonably deny Defendant's counsel the time reasonably necessary for effective preparation, despite due diligence, and would likely result in a miscarriage of justice.

In making these findings, the Court has fully considered the statutory factors set forth in § 3161(h)(7)(B) and has concluded that the requested continuance is fully consistent with congressional policies and binding precedent. *See Bloate v. United States*, 559 U.S. 196, 214 (2010); *Toombs*, 574 F.3d at 1269. The Court has also considered the length of delay, the reason for delay, any prejudice, and other relevant circumstances. *Toombs*, 574 F.3d at 1273. Further, no circumstance is present that would prohibit a continuance pursuant to § 3161(h)(7)(C). Therefore, the period of delay caused by the granting of this motion is excludable for purposes of the Speedy Trial Act.

Accordingly, Defendant's Unopposed Motion to Continue Jury Trial and to Extend Pretrial Motion Deadlines [Doc. No. 18] is **GRANTED**.[1] This case is stricken from the May 12, 2026 jury trial docket and is rescheduled on the June 9, 2026 jury trial docket. The parties shall file all pre-trial motions on or before May 12, 2026. This case is stricken from the Docket Call on May 1, 2026, to be reset, if necessary.

**IT IS SO ORDERED** this 1st day of May, 2026.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] Defendant shall file his waiver of speedy trial within 5 days of this Order.